UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                   )
DAVID KUMAR, *et al.*,             )     No. C11-1082RSL
                                   )
                Plaintiffs,        )
       v.                          )     ORDER DENYING MOTION FOR
                                   )     EXTENSION OF TIME
WADE M. ENTEZAR, *et al.*,         )
                                   )
                Defendants.        )
_____)

      This matter comes before the Court on the "Joint Motion by Defendants for Partial Relief From Portions of the Order Regarding Initial Disclosures, Joint Status Report and Early Settlement." Dkt. # 78. The moving defendants, Van der Merwe and Entezar, seek an indefinite continuance of the initial disclosure deadlines because (a) they no longer have possession of some of their business records and (b) they intend to file additional motions to dismiss which may narrow the scope of this litigation. On April 25, 2012, plaintiffs and the Van der Merwe defendants filed a joint status report as required by the Court's March 14, 2012 order: the Entezar and Baydovskiy defendants did not join in the report.

      Having reviewed the memoranda and declaration submitted by the parties and the remainder of the record, the Court finds as follows:

    (1) Defendants' motion is not supported by a declaration or other admissible evidence. The Court takes judicial notice of its own docket, but otherwise discounts the factual averments

ORDER DENYING MOTION FOR
EXTENSION OF TIME

in the moving papers.

(2) Even if the Court assumes that "nearly all" of defendants' documents are being held by the Department of Justice ("DOJ"), defendants have not shown good cause for their failure to timely approach the DOJ to get copies of responsive materials.  The obligation to make initial disclosures under Fed. R. Civ. P. 26(a)(1) should not have come as a surprise to defendants, especially when the Court gave them more than a month's notice of the date on which they were due.  Having failed to make any attempt to obtain a copy of the documents (and having completely failed in their burden of proof), the Court finds that defendants were not diligent in complying with the case management deadlines.

(3) Defendants also seek an indefinite stay of this case to give them time to file additional motions to dismiss and have them resolved by the Court before discovery begins.  The Federal Rules of Civil Procedure do not provide an automatic stay of the initial disclosures if a potentially dispositive motion is filed or, as in this case, contemplated.  Such motions are often unsuccessful and an improvident stay would cause unnecessary and significant delays at the outset of the litigation.  In the case at hand, defendants have not explained why the anticipated motions have not yet been filed.  In the absence of a pending motion, the Court is unable to evaluate the merits of the dispositive arguments and is unwilling to derail the case simply because defendants might seek relief.[1]

(4) Plaintiffs correctly filed the Verified Amended Derivative Complaint as directed by the Court.  The RICO claim against the Van der Merwe defendants has been and remains dismissed.

---

[1] Defendants have not shown that initial disclosures will cause it annoyance, embarrassment, oppression, or undue burden or that it is otherwise entitled to a protective order under Fed. R. Civ. P. 26(c)(1).

ORDER DENYING MOTION FOR
EXTENSION OF TIME                                              -2-

1
2
3
4
5
6
7
8

For all of the foregoing reasons, defendants' motion for an extension of time is DENIED.  The Entezar defendants shall make their initial disclosures as soon as practicable, but no later than (a) seven days from the date of this Order with regards to all documents currently in their possession and (b) fourteen days from the date of this Order with regards to documents held by the DOJ.  If additional time is needed to obtain documents from DOJ, defendants shall file a motion for extension of time on or before May 3, 2012, including supporting declarations detailing the efforts they have made to work with the DOJ.  The Court will use the status report filed by plaintiffs and the Van der Merwe defendants to establish a case management schedule.

Dated this 27th day of April, 2012.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

ORDER DENYING MOTION FOR
EXTENSION OF TIME                            -3-