UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                    )
DAVID KUMAR, *et al.*,              )    No. C11-1082RSL
                                    )
                 Plaintiffs,        )
         v.                         )    ORDER GRANTING IN PART
                                    )    THE ENTEZARS' MOTION
WADE M. ENTEZAR, *et al.*,          )    TO DISMISS
                                    )
                 Defendants.        )
_____)

This matter comes before the Court on "Defendant Entezars' Motion to Dismiss." Dkt. # 89. Plaintiffs have asserted individual and derivative claims seeking to recover losses incurred in a real estate development project. Defendants Wade and Geneva Entezar seek dismissal of all of the claims against them on various grounds.

In the context of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the allegations of the complaint are accepted as true and construed in the light most favorable to plaintiff. In re Syntex Corp. Sec. Litig., 95 F.3d 922, 925-26 (9th Cir. 1996); LSO, Ltd. v. Stroh, 205 F.3d 1146, 1150 n.2 (9th Cir. 2000). The question for the Court is whether the well-pled facts in the complaint sufficiently state a "plausible" ground for relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Although a complaint need not provide detailed factual allegations, it must offer "more than labels and conclusions" and contain more than a "formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555. If the complaint fails to state a

cognizable legal theory or fails to provide sufficient facts to support a claim, dismissal is appropriate. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).

Having reviewed the memoranda, declarations, and exhibits submitted by the parties in connection with this motion to dismiss, the Court finds as follows:

(1) Plaintiffs' Racketeer Influenced and Corrupt Organizations Act ("RICO") claim is predicated on mail, wire, and mortgage fraud. Where fraud is alleged, the circumstances constituting the fraud must be plead with the specificity required under Fed. R. Civ. P. 9(b). Odom v. Microsoft Corp., 486 F.3d 541, 547 (9th Cir. 2007). "In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, identify the role of each defendant in the alleged fraudulent scheme." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (internal citation, quotation marks, and edits omitted). Plaintiffs allege that defendant Wade Entezar directed defendant Vladimir Baydovskiy to falsify loan documents that were submitted to lending institutions through the wires and the mail on at least three different occasions. Plaintiffs identify the month of the applications, who directed, made, and received the false representations, some information regarding the participants' locations, and the nature of the misrepresentations and/or omissions. Verified Amended Derivative Complaint (Dkt. # 73) at ¶¶ 72-74, 77-79, and 80-82). Because these allegations allow Entezar to fashion a meaningful answer, the Court finds that the circumstances constituting the alleged fraud are adequately pled under Fed. R. Civ. P. 9(b). These same allegations also raise a plausible inference that Entezar intended, conspired, and/or had knowledge of the alleged scheme for purposes of Fed. R. Civ. P. 8(a).

(2) Quincy 132 LLC has not, however, adequately alleged that it suffered injury "by reason of" the alleged RICO violation.[1] 18 U.S.C. § 1964(c). A claim under § 1962(c) of RICO,

---

[1] Plaintiffs Kumar and Quincy Development, LLC, have voluntarily dismissed their RICO claims. Plaintiffs are not, therefore, claiming damages related to Kumar's purchase of a house at

ORDER GRANTING IN PART THE
ENTEZARS' MOTION TO DISMISS

which forbids conducting or participating in the conduct of an enterprise's affairs through a pattern of racketeering activity, requires a showing that the alleged violation was not only the "but for" cause of plaintiff's injury, but also the proximate cause. Anza v. Ideal Steel Supply Corp., 547 U.S. 451, 457 (2006). Compensable injury under the statute "is the harm caused by predicate acts sufficiently related to constitute a pattern." Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 497 (1985). The only predicate acts alleged involved the submissions of fraudulent loan applications to ING Bank and/or MBA Mortgage Company.

Plaintiffs' theory seems to be that defendants harmed Quincy 132 when they defrauded the lending institutions and failed to share the proceeds of that fraud with the LLC. Opposition (Dkt. # 92) at 10 (plaintiffs "claim defendants artificially inflated the amount financed, keeping the amounts above the purchase prices as illegal profit for themselves") and 11 ("Plaintiffs never stood to gain from Quincy 132, because defendants diverted all profits from Quincy 132 and, in fact, created Quincy 132 with the specific intent to conduct a mortgage fraud scheme."). The RICO violation alleged is that defendants engaged in wire and mail fraud, but the direct victims of that fraud were the lending institutions. The cause of Quincy 132's injuries (if any) was defendants' decision to keep their ill-gotten gains rather than handing the proceeds over to the LLC. While this conduct may give rise to a breach of contract claim, the alleged harm is too attenuated from the underlying pattern of fraud to satisfy the "by reason of" language of § 1964(c). See Canyon County v. Syngenta Seeds, Inc., 519 F.3d 969, 981 (9th Cir. 2008).[2]

---

inflated prices or Quincy Development's loss of investment money.

[2] At points, plaintiffs suggest that the injury of which they complain is the overall demise of Quincy 132. See Dkt. # 92 at 11 ("Because Quincy 132, LLC was doomed from the start due entirely to defendants' actions, defendants absolutely ensured plaintiffs would lose all of their investment."). Having dismissed Quincy Development's RICO claim, plaintiffs may not rely on that entity's $3 million investment loss to satisfy the damages/causation element of Quincy 132's claim. Nor is it plausible to assert that the demise of a real estate development project in 2007-2008 was proximately caused by a scheme designed to increase the profits of the developer when the overall real estate market was then in

ORDER GRANTING IN PART THE
ENTEZARS' MOTION TO DISMISS

-3-

(3) Given the existence of the RICO claim, the Court had original jurisdiction over this case when it was filed. The dismissal of the RICO claim on its merits does not deprive the Court of jurisdiction over the supplemental state law claims. Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 806 (9th Cir. 2001). Because this case has already been pending for a year, because the Court is now familiar with the parties and the underlying business arrangements, and because the matter was originally filed here making remand impossible, the Court will retain jurisdiction. The parties' choice of Washington law to govern this litigation does not preclude application of that law in this forum.

For all of the foregoing reasons, the Entezar defendants' motion to dismiss is GRANTED in part. Plaintiffs' RICO claim against the Entezar defendants is DISMISSED. The Court retains jurisdiction over the supplemental state law claims.

Dated this 27th day of June, 2012.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

turmoil, if not in freefall.

ORDER GRANTING IN PART THE
ENTEZARS' MOTION TO DISMISS

-4-